# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 14–cv–02045-RM-BNB

DEXTER LEE BROWN,

    Applicant,

v.

T.K. COZZA-RHODES, WARDEN,

    Respondent.

_____

# ORDER DISMISSING APPLICATION FOR WRIT
_____

This matter is before the Court on an Application ("Application") for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1). Applicant Dexter Lee Brown ("Brown"), *pro se*, is a federal inmate in the custody of the Bureau of Prisons ("BOP") confined at the Federal Correctional Institution at Florence, Colorado ("FCI Florence"). Brown brings this action against the Warden at FCI Florence ("Respondent") and contends that he is subject to immediate release as the BOP has unfairly and improperly denied him a *nunc pro tunc* service designation.

*Factual Background - Original Facts*

The core facts of this matter are not in dispute. As replicated below, unless otherwise noted, the facts are taken from two sources - (i) the Response to Order to Show Cause ("Response") which includes the Declaration of Bryan Erickson (ECF No, 20, 20-1), and (ii) an opinion of the Eleventh Circuit Court of Appeals described below. To the extent the Application

occasionally sets forth different dates for the occurrence of factual events, any such differences are both minor and immaterial.

On August 25, 2000, Brown was arrested by Florida state authorities in connection with a variety of state law offenses, some of which pertained to his possession of a firearm. He was also arrested in connection with violation of state probation. Brown remained in state custody following his arrest. Thereafter, on November 2, 2000, Brown was indicted in the United States District Court for the Southern District of Florida (hereinafter the "Sentencing Court") for being a felon in possession of a firearm, more specifically an armed career criminal. Because Brown was in state custody, his presence in federal court was secured by writ of habeas corpus *ad prosequendum*.

On June 11, 2001, after having pled guilty, Brown was sentenced to 180 months imprisonment by the Sentencing Court. His plea was pursuant to Rule 11(a)(2), Fed. R. Crim. P., and Brown reserved the right to appeal the denial of his motion to dismiss for violations of the Speedy Trial Act. Following sentencing, Brown was returned to the state, which still had primary custody of him, and a federal detainer was lodged. An appeal pertaining to the referenced speedy trial issue was timely filed.

On July 12, 2001, the Florida state court sentenced Brown to 13 years imprisonment for violation of probation in a number of state cases. The state court credited Brown with 321 days credit for time served - representing all time from arrest (August 25, 2000) up to the date of the state court sentencing. St. Lucie County Case History, Attachment 1 to Application, ECF No. 1 at 11-14. The state court also declared that the state sentence was to run concurrently with that in the federal case for which Brown had been sentenced in June. *Id.*

On March 13, 2002, while Brown was still in state custody, the United States Court of Appeals for the Eleventh Circuit decided Brown's appeal in his favor, finding violations of the Speedy Trial Act, reversing Brown's conviction, and remanding the case to the Sentencing Court to determine whether dismissal should be with or without prejudice. *United States v. Brown*, 285 F.3d 959 (11th Cir. 2002).

The Sentencing Court determined the dismissal to be without prejudice and a new indictment containing the original armed career criminal charge was filed on April 25, 2002. Again, a writ of habeas corpus *ad prosequendum* issued for purposes of securing Brown's presence for the federal proceedings as Brown was still in state custody. Brown pled guilty to this indictment and was sentenced anew on June 10, 2002[1], to the same 180-month sentence previously imposed. The Sentencing Court was silent as to whether the federal sentence was to be concurrent with the 13-year sentence imposed by the state in July 2001. Again, Brown was returned to the state, and a federal detainer lodged.

On November 14, 2002, Brown completed his Florida state sentence and was released to the BOP for commencement of service of the federal sentence.

### *The Credit Requests*

On July 23, 2014, Brown filed his Application with this Court. In it, Brown sets forth a single claim for relief entitled, "Denial of Nunc Pro Tunc Designation of Sentence." (ECF No. 1). Brown contends that the BOP has failed to treat his federal sentence as wholly concurrent

---

[1] There is inconsistency as to the date of this sentencing in the various pleadings. This Court has confirmed, via Pacer, *United States v. Brown*, Case No. 02-cr-14018-DMM, United States District Court, Southern District of Florida, that June 10, 2002, is the correct date of sentencing.

with the now discharged state sentence, based on an incorrect, and presumably arbitrary, refusal to order a *nunc pro tunc* designation that his place of service of his federal sentence be the Florida state institution at which the state sentence was served.  He asks this Court to correct this refusal by issuance of a writ.

Any uncertainty as to the precise contours of the claim is clarified by that portion of Brown's Application containing his Request for Relief.  There, Brown requested (i) "Nunc Pro Tunc designation from June 14, 2001 to November 13, 2002," and (ii) an award of presentence confinement credit "from August 25, 2000 to June 13, 2001."  Ignoring a minor date discrepancy[2], Brown is seeking to have the Court compel a *nunc pro tunc* designation of his place of confinement sufficient to cover the period of time from the date of his earliest imposed federal sentence to the date when he was in fact released to federal custody by Florida state authorities.  He also seeks presentence confinement credit for all time spent in custody prior to the date on which his federal sentence was first imposed.  For convenience, these matters will be hereinafter described as two distinct claims for relief - Request One being for *nunc pro tunc* designation and Request Two being for presentence credit for time served.  If Brown's requested relief were to be given, he would likely be eligible for immediate release.

### *Federal Background - Later Developed Facts*

The Response to the Application, filed September 19, 2014, opposed the relief sought by Brown as well as his claim of computational error with respect to service of the federal sentence.  Simplified, the position of Respondent was that the federal sentence was never (either time)

---

[2]Brown proffers June 14, 2001 as the date of his first sentencing by the Sentencing Court.  This Court has confirmed, via Pacer, that the date of first sentencing was actually June 11, 2001.

imposed concurrently with the state sentence; that the intentions of the state judge could neither dictate nor alter the nature of the federal sentence; and that because all time post arrest was credited by the state against its sentence, such time was not subject to being "double credited" by being applied as well against the separate federal sentence. See generally, ECF No. 20. Upon receipt of the Response, and perhaps being prescient of the likelihood that a court in the district of confinement would issue an order directing the BOP to take action which would fundamentally change the nature of the sentence imposed by the Sentencing Court, Brown made an appeal directly to the Sentencing Court in the form of a Motion for Judicial Recommendation. And this approach proved successful.

On November 6, 2014, the Sentencing Court issued an Order on Defendant's Motion for Judicial Recommendation (ECF No. 22 at 3). Based on the fact that "it was the state court Judge's intent to have the Defendant's state sentence run concurrent to the federal sentence," the Order proceeded to recommend "to the Bureau of Prisons that Defendant's federal sentence imposed by this Court on June 12, 2002[3], run concurrent to the sentence imposed in his state court sentence." *Id.*

This Court directed that a response to this development be filed. On December 9, 2014, Respondent did so. (ECF No. 27, 29). In its Response to Notice of Order, Respondent advised that the BOP had fully honored the Sentencing Court's new recommendation and recomputed Brown's service time. The BOP now ran Brown's sentence commencement from June 10, 2002 (the date of imposition of the federal sentence currently being served), thereby making that

---

[3]Again, this date is incorrect as sentence was imposed on June 10, 2002. The Judgment was signed on June 12, 2002.

5

sentence concurrent with the portion of the state sentence which was undischarged as of June 10, 2002.  (ECF No. 29 at 3).  The BOP also granted Brown presentence confinement credit from August 25, 2000 (the date of Brown's arrest) through July 11, 2001 (the day before the state sentencing).  *Id.*  With these adjustments, Respondent projects a January 6, 2015 release date for Brown[4] and requests that the Court deny the Application as moot.  (ECF No. 27 at 2).

### *Analysis*

Respondent is only partially correct in describing the Application as moot.  Request Two is clearly moot.  Brown has requested presentence confinement credit from August 25, 2000 to June 13, 2001.  The BOP has now granted presentence confinement credit for a time period greater than that covered by Request Two - August 25, 2000 through July 11, 2001.  But Request One is only partially moot.  Brown seeks to have his sentence credited with all time between the date of his first federal sentencing (June 14 (sic), 2001) and the date he was originally turned over to federal custody (November 13, 2002).  Only a portion of this time has been credited and, thus, Request One is only partially moot.

The BOP has now credited Brown's sentence with a portion of the front end of the Request One time frame - June 14, 2001, through July 11, 2001, as part of its credit for presentence confinement.  The BOP has also credited his sentence with a portion of the back end of the Request One time frame - June 10, 2002 to November 13, 2002, by virtue of commencing Brown's service time as of June 10, 2002, or the date on which he was sentenced in the federal case following his appeal and re-indictment.  But no credit has been granted for the middle

---

[4]Respondent's pleading contains a typographical error as to the year of anticipated release.

portion of the Request One time frame - July 12, 2001, through June 9, 2002. And were Brown entitled to credit for this additional time, he would be entitled to immediate release. Thus, this portion of Brown's credit request is not moot and must be addressed on the merits.

The time period at issue - July 12, 2001, through June 9, 2002 - is the period of time during which Brown was serving his state sentence from the date of its imposition (July 12, 2001) through the day before (June 9, 2002) Brown was sentenced June 10, 2002, by the Sentencing Court following his re-indictment. The BOP correctly determined that this period cannot be classified as creditable "presentence" confinement time as Brown was serving the state sentence during this time. Were the BOP to allow time served on an earlier imposed state sentence to be credited against a subsequent federal concurrent sentence by labeling such time as "presentence time," the effect would be to circumvent federal law governing the imposition of a concurrent sentence - that is, that it be imposed only with respect to an *undischarged* term of imprisonment. *See* 18 U.S.C. § 3584(a). The BOP also correctly determined that it could not commence the now concurrent federal sentence prior to the date it was actually imposed by the Sentencing Court - June 10, 2002. To do otherwise would fly in the face of well established law that a federal sentence commences no earlier than the date on which the sentence is imposed. *United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998)(federal sentence cannot commence before the date on which it was imposed). Put another way, a concurrent federal sentence runs *forward* in time from the date of the federal sentencing concurrently with any remaining *undischarged* term of imprisonment on the state sentence. *Azure v. Gallegos*, 97 Fed. Appx. 240 (10th Cir. 2004)(unpublished). *See* 18 U.S.C. § 3584(a). It does not retroactively commence to an earlier point in time at which the earlier state sentence commenced.

Brown's original contention that he was entitled to credit for time served (via *nunc pro tunc* designation) between the date on which his state sentence was imposed and the date of his subsequently imposed federal sentence was flawed and legally incorrect from the outset. The state judge's determination that the state sentence should be concurrent with the then existing (and eventually vacated) federal sentence - despite the fact that Brown was at the time in the primary custody of the state - was of no legal import. The state court provision for concurrency could not override the nature of a federal sentence. *United States v. Eecleston*, 521 F.3d 1249, 125-54 (10th Cir. 2008). Moreover, the BOP was not obligated to undo the effect of Brown's successful appeal of his earlier federal sentence by treating the date of his earlier sentence (vacated by the Eleventh Circuit) as the commencement date of the federal sentence he is currently serving. Despite this, Brown was able to obtain relief from the Sentencing Court which the BOP honored to Brown's substantial benefit.

The authority for sentence computation by the designation of the institution at which a sentence is to be served rests with the BOP, as does the power to grant credit for presentence confinement. *United States v. Wilson*, 503 U.S. 329, 112 S.Ct. 1351 (1992); 18 U.S.C. §§ 3585, 3621. In making its decisions herein with respect to Brown, the BOP acted within its authority. Nothing, either before or after the November 6, 2014 Order of the Sentencing Court, supports the notion that the BOP's decisions with respect to Brown's sentence were contrary to law, arbitrary, or otherwise actionable via writ.

*CONCLUSION*

On the basis of the foregoing, it is hereby ORDERED;

THAT the Application for Writ of Habeas Corpus be DENIED in part as moot and DENIED in part on the merits as set forth above; and

THAT the Application is hereby DISMISSED.

IT IS FURTHER ORDERED:

THAT leave to proceed *in forma pauperis* on appeal is DENIED.

Dated this 15th day of December, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge